UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>PALIGROUP MANAGEMENT LLC, a California limited liability company,<br><br>Defendant. | Case No.: 3:24-cv-02003-JAH-VET<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION AND DISMISSING PLAINTIFF'S THIRD CAUSE OF ACTION** |

## INTRODUCTION

Pending before the Court is Theresa Brooke's ("Plaintiff") Motion for Default Judgement pursuant to Federal Rule of Civil Procedure 55 filed against Paligroup Management, LLC ("Defendant"). ECF No. 6 ("Motion" or "Mot."). The Court subsequently ordered Plaintiff to show cause why the Court should not deny supplemental jurisdiction over Plaintiff's state law claim on June 2, 2025. ECF No. 7 ("OSC"). On June 10, 2025, Plaintiff filed a Response to the Court's OSC, arguing the Court should extend

supplemental jurisdiction to Plaintiff's California State Unruh Act ("Unruh") claim.[1]  ECF No. 8 ("Response" or "Resp.").  Upon review of Plaintiff's response and the relevant law, the Court declines to extend supplemental jurisdiction to Plaintiff's Unruh claim, and Plaintiff's third cause of action is **DISMISSED without prejudice**.

## BACKGROUND

In the Complaint, Plaintiff alleges she visits Southern California often for leisure travel and to test whether various hotels comply with disability access laws.  ECF No. 1 ("Complaint" or "Compl.") ¶ 10.  Plaintiff uses a wheelchair due to the loss of a leg.  *Id.*  Plaintiff claims she "tests" various hotels at least once per month.  *Id.*  This case stems from an October 2024 visit Plaintiff made to Defendant Paligroup Management LLC's ("Defendant") hotel at 830 Sixth Avenue, San Diego, California 92101.  *Id.* ¶¶ 2, 11.  During this visit, Plaintiff attempted accessing the hotel entrance through the access aisle at the loading zone by the valet.  *Id.* ¶¶ 7, 13.  Plaintiff maintains she was not able to use the access aisle because the access ramp was noncompliant with Section 503.3 of the 2010 ADA Standards for Accessible Design.  *Id.* ¶ 7.  Plaintiff further alleges she plans to return to the hotel in the future.  *Id.* ¶¶ 15,17.

Plaintiff filed her Complaint on October 27, 2024, alleging Defendant discriminated against her in violation of Title III of the Americans with Disabilities Act ("ADA").  Specifically, Plaintiff alleges Defendant violated Sections 12102 (2) and 121282(b)(2)(iv) as Defendant's hotel was not compliant with Sections 209.4 and 503.3 of the 2010 ADA Standards for Accessible Design.  Compl. ¶¶ 8, 12, 19.  Also, Plaintiff alleges, because the

---

[1] Plaintiff claims Unruh is preempted by 28 C.F.R. § 36.103(c) because it is in conflict with federal law.  However, the Court finds there is no conflict. *See* 28 C.F.R. § 36.103(c) (stating "[t]his part does not invalidate or limit the remedies … and procedures of … State or local laws that provide greater or equal protection"); *see Brooke v. Sapphire Investments LLC*, 2022 WL 18397389, at *1 (C.D. Cal. Nov. 9, 2022) (explaining California's decision to place procedural limitations on high-frequency litigants "does not give rise to any preemption objection or other bases to ignore the provisions of state law").

Defendant discriminated against Plaintiff under the ADA, Defendant has also violated California's Unruh Act. *Id.* ¶ 33. Plaintiff seeks injunctive relief and attorney's fees and costs under her ADA and Unruh claims. *Id.* ¶¶ 24,31,37. Plaintiff further requests monetary damages under her Unruh claim. *Id.* ¶¶ 36,37.

On March 6, 2025, Plaintiff requested an entry of default because Defendant failed to file a responsive pleading. ECF No. 4. The clerk of court entered default against Defendant on the same day. ECF No. 5. On March 23, 2025, Plaintiff filed the instant Motion. Mot. at 1.

## LEGAL STANDARD

When the clerk of the court files an entry of default, the non-defaulting party must file a separate motion for default judgement. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009); *see also* Fed. R. Civ. P. 55(a)-(b). When reviewing a plaintiff's motion for default judgement, district courts have an "affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Usually, district courts have original jurisdiction over cases where there is diversity amongst the parties, a claim arises under federal law, or any reasons enumerated by the Constitution or by Congress in statute. *See* 18 U.S.C. § 3231; 28 U.S.C. §§ 1330-1369. Courts also have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, "the state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, this is a "doctrine of discretion, not of plaintiff's rights." *Id*. at 726. District courts have the discretion to deny jurisdiction over supplemental claims due to:

(1) the claim raising a novel or complex issue of state law;
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining original jurisdiction.

28 U.S.C. §§ 1367 (c)(1)-(4).

When a court denies supplemental jurisdiction pursuant to 28 U.S.C. Sections 1367 (c)(1)-(3), it is not required to provide an explanation. *See San Pedro Hotel Co., Inc v. L.A.*, 159 F.3d 470, 478 (9th Cir. 1998). However, if a court decides to deny supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 (c)(4), it must provide a two-part explanation. *See Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021).

First, the court must articulate which circumstances make the case exceptional. *See San Pedro Hotel Co.,* Inc, 159 F.3d at 478 (citation omitted). The court "needs to only identify the exceptional circumstances and confirm that they apply to the *particular case* before it." *Vo v. Choi*, 49 F.4th 1167, 1173 (9th Cir. 2022) (emphasis in original). Just because the "same circumstances also apply to other cases" does not make a court's analysis "too general." *Id*. Second, pursuant to *Gibbs*, the court must articulate how "judicial economy, convenience, fairness to litigants, and comity" weigh in favor of declining supplemental jurisdiction. 383 U.S. at 726. The court is "required [to provide] similar levels of specificity" as the first prong to satisfy it. *Vo,* 49 F.4th at 1173.

## DISCUSSION

The Ninth Circuit has upheld California plaintiffs use of a federal forum to avoid heightened state pleading standards to be an "exceptional circumstance" justifying the denial of supplemental jurisdiction under 28 U.S.C. Section 1367 (c)(4). *Vo*, 49 F.4th at 1174. Therefore, under its obligation to ensure it has subject matter jurisdiction, the Court looks at whether Plaintiff or Plaintiff's counsel fit California's definition of a "high-frequency litigant," thereby creating an "exceptional circumstance."

///

///

### A. Plaintiff is a High Frequency Litigant

Plaintiff argues the word "filed" is ambiguous in California's definition of a "high-frequency litigant," and therefore, it is "debatable" whether Plaintiff fits the definition Resp. at 1-2. Plaintiff explains, while there are more than ten construction-related ADA and Unruh complaints listing her as the plaintiff, she did not personally "file" those complaints, but rather her attorney Mr. Peter Strojnik filed them on her behalf. *Id.* Additionally, Plaintiff contends that Mr. Strojnik is not a "high-frequency litigant" under Section 425.55(b)(2) because he has not represented ten or more individual high-frequency plaintiffs in the past year, but rather all his numerous ADA lawsuits are filed on Plaintiff's behalf. Response at 2.

In 2012, the California Legislature amended the Unruh Act with California Code of Civil Procedure Sections 425.50 and 425.55 to discourage a trend of lawsuits that abused the "recovery of damages not available under the ADA." *People v. Potter Handy, LLP*, 97 Cal. App. 5th 938, 945 (2023) (citation omitted). Under California Code of Civil Procedure Section 425.55 et seq., the California Legislature identified these filers as "high-frequency litigant[s]." The amendment outlines two requirements to be considered a high-frequency litigant. First, the basis of the claim must be "brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction related accessibility standard." Cal. Civ. Code § 55.52 (a)(1). Secondly, one must be a:

(1) plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation *or*

(2) an attorney who has represented as attorney of record 10 or more high-frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation, excluding all of the following actions.

Cal. Civ. Proc. Code § 425.55(b)(1)-(2).  When both requirements are established, high-frequency litigants have heightened pleading standards under California Code of Civil Procedure Section 425.50.  When high-frequency litigants file in federal court, they bypass the heightened pleading standard "resulting [in] differences between state court and federal court … producing significant consequences for the filing of ADA-based Unruh Act claims." *Arroyo v. Rosas*, 19 F.4th 1202, 1207 (9th Cir. 2021).

The Court is concerned about the high volume of ADA-based Unruh claims in federal court that appear to be forum-shopping to circumvent the procedural safeguards put in place by California's legislature.  Accordingly, the Court issued its OSC to determine whether Plaintiff and/or Mr. Stojnik fall into the category of "high-frequency litigants," which would subject their lawsuit to heightened pleading standards in state court.  Plaintiff submitted a declaration in response to the OSC, stating:

> in the past twelve months preceding the filing of this case, my attorney Peter Kristofer Strojnik has filed 10 or more construction-related accessibility violation complaints on my behalf and at my direction, with me as the named plaintiff.

Plaintiff's Decl. ¶ 3.  Plaintiff contends that the California legislature did not intend for the word "filed" to include other persons (such as Plaintiff's counsel) filling on behalf of a litigant in California Civil Procedure Section 425.55(b)(1).  Therefore, Plaintiff argues, because Mr. Strojnik filed on her behalf, she is not a "high-frequency litigant." Plaintiff has previously attempted this argument in the Central District of California; and like those cases, this Court is not persuaded by Plaintiff's attempt to place ambiguity on the definition of "filing."  *See Brooke v. Gehna,* Case No. 2:24-cv-04889-SPG-MAR, 2024 WL 4003157, at *1, (C.D. Cal. July 18, 2024) (explaining, "[i]t would frustrate Section 425.55's purpose to allow plaintiffs to evade it by using others—lawyers, or even non-lawyer—to physically or electronically file their complaints"); *Brooke v. Onni 888 Olive St. LP*, Case No. 2:23-cv-09342 HDV (KSx), 2023 WL 9689134, at *2 (C.D. Cal. Nov. 29, 2023) ("[t]hat her attorney filed the complaints on her behalf and at her direction does not exempt her from the definition"); *Brooke v. Ferrado Hotels LLC*, Case No. 2:23-cv-09261-HDV (SSCx),

1  2024 WL 1136402, at *2 (C.D. Cal. Feb. 8, 2024) (same).  Accordingly, this Court finds
2  Plaintiff is a "high-frequency litigant" within the meaning of Section 245.55(b)(1).

3  **B. The Court Declines to Extend Supplemental Jurisdiction to Plaintiff's State Unruh**
4  **Claims**

5  Having determined Plaintiff is a "high-frequency litigant" under Section
6  245.55(b)(1) (and, therefore, would be subject to heightened pleading standards in state
7  court), the Court next looks to: (1) whether the facts of this case constitute an exceptional
8  circumstance in which the Court should deny supplemental jurisdiction; and (2) whether
9  denying supplemental jurisdiction is in the best interest of "judicial economy, convenience,
10 fairness to litigants, and comity."  *See Vo*, 49 F.4th at 1171.

11  In *Arroyo*, the plaintiff filed claims under the ADA and California's Unruh Act in
12  federal court.  19 F.4th at 1205.  At the summary judgment stage, the district court denied
13  supplemental jurisdiction over the plaintiff's Unruh claim.  *Id.*  On appeal, the Ninth Circuit
14  reviewed the district court's two-prong explanation of its decision to decline supplemental
15  jurisdiction and affirmed the district court's finding that the first prong was satisfied
16  because an exceptional circumstance existed.  *Id*. at 1213.  The Ninth Circuit found the
17  district court's reasoning, that Unruh Act plaintiffs have "evaded [California's procedural]
18  limits" by filing in a federal forum, to meet the threshold of "'exceptional' in any
19  meaningful sense of the term."  *Id*.  However, the Ninth Circuit found the district court
20  erred in the second prong of its analysis by concluding denying supplemental jurisdiction
21  was in the best interest of "judicial economy, convenience, fairness to litigants, and
22  comity" because the denial came at such a "late stage" in the litigation.  *Id*. at 1214.

23  The Ninth Circuit again took up the issue recently in *Vo*.  49 F.4th at 1168.  Relying
24  on *Arroyo*, the Ninth Circuit again determined these cases create an exceptional
25  circumstance.  *Id*. at 1171.  However, unlike *Arroyo*, the Ninth Circuit found there were
26  "compelling reasons" to deny supplemental jurisdiction, satisfying the second prong of the
27  analysis.  *Id*.  In *Vo*, as here, the plaintiff obtained an entry of default after the defendant
28  failed to respond to the complaint, and the plaintiff then filed a motion for default judgment.

*Id*. at 1168.  After the plaintiff filed her motion, as here, the district court issued an OSC. *Id*.  After considering the plaintiff's response and determining the plaintiff was a high-frequency litigant, the district court declined supplemental jurisdiction.  *Id*.  The Ninth Circuit found the *Gibbs* values of fairness and comity "favored not retaining jurisdiction over the [Unruh] claim" because the district court dismissed the claim "well before it ruled on the merits of the ADA claim."  *Id*. at 1172.  Therefore, the Ninth Circuit affirmed the district court's decision to decline supplemental jurisdiction over the plaintiff's Unruh claim.  *Id*.

Like *Arroyo* and *Vo*, there are exceptional circumstances in Plaintiff's case because, by filing in federal court, Plaintiff attempts to evade and render "toothless" the "procedural strictures" that California put in place to limit high-frequency litigants from placing too high a financial burden on California businesses.  *Arroyo*, 19 F.4th at 1212-13.  In her briefing, Plaintiff even admits the *Arroyo* court made clear that avoiding California's heightened pleading standards by filing in federal court qualifies as an exceptional circumstance.  *See* Response at 2.  Furthermore, despite Plaintiff's argument to the contrary, the Court finds the circumstances of this case to be nearly identical to *Vo* and distinguished from *Arroyo*.  Because it is still early in the litigation process and the Court has not ruled on Plaintiff's ADA claims, the *Gibbs* values—particularly fairness and comity—support the Court's finding that there are "compelling reasons" to decline supplemental jurisdiction over Plaintiff's Unruh claim.  As the Court has "sidestep[ped] the core concern articulated in *Arroyo*" by denying supplemental jurisdiction well before ruling on the ADA claims, the Court is not "creat[ing] duplicative work for the state court" that would contradict the values of judicial economy and convenience.  *Vo*, 49 F.4th at 1171.  Rather, it would be "an affront to the comity between federal and state courts to allow plaintiffs to evade California's procedural requirements" and be unfair to defendants. *Id.* at 1171.  Accordingly, the Court declines to extend supplemental jurisdiction over Plaintiff's Unruh claim.

## CONCLUSION

For the aforementioned reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, and the claim is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1367(c)(4).

**IT IS SO ORDERED**.

DATED: August 7, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE